UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jarode Jermaine Witherspoon,<br><br>                     Plaintiff,<br><br>vs.<br><br>Head Warden Mr. Tim Riley; A/W Ms. Callwell; A/W Mr. G. Lare; and Investigation Mr. Lane,<br><br>                     Defendants. | ) C/A No. 9:13-910-MGL-BM<br>)<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>) *Partial Summary Dismissal*<br>)<br>)<br>)<br>)<br>) |

       Plaintiff, Jarode Jermaine Witherspoon, is currently incarcerated in the Tyger River Correctional Institution ("TRCI"), part of the South Carolina Department of Corrections ("SCDC"), in Enoree, South Carolina. Plaintiff, proceeding *pro se* and *in forma pauperis*, seeks compensatory and punitive damages, as well as injunctive relief, pursuant to 42 U.S.C. § 1983,[1] for alleged violations of his constitutional rights. Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

---

[1]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).



Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989). Further, while this court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### BACKGROUND

Plaintiff styles his handwritten pleading as a "Civil Class Action Complaint." Complaint, ECF No. 1, p. 1. Plaintiff seeks compensatory damages of $450,000 and . . . punitive damages in the amount of $700,000" as well as "a transfer to another lock up." Complaint, ECF No. 1, p. 2. Plaintiff alleges "I am physical and mental impairment and I am on medication," Complaint, ECF No. 1, p. 3, and appears to assert that his physical and mental impairments substantially limit his major life activities and therefore qualify Plaintiff as a "disabled" person under the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq*., (the "ADA").[2] It is difficult to decipher portions

---

[2] To establish a violation of the ADA, a plaintiff must demonstrate that (1) he has a disability; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination solely on the basis of the disability. *Baird ex rel. Baird v. Rose*,

2



of Plaintiff's pleading but, liberally construed, he alleges that Defendants have discriminated against him in violation of the ADA by placing Plaintiff in the Special Management Unit ("SMU") for the past 6 1/2 years and denying him privileges (such as yard and gym activities, telephone calls, "work lines," visitation privileges, and counseling services) while in SMU.  Plaintiff also alleges the Defendants' deliberate indifference to Plaintiff's serious mental health needs and his prolonged placement in SMU have violated and continue to violate his Eighth Amendment right not to be subjected to cruel and unusual punishment.  Plaintiff also appears to allege that Defendants have violated Plaintiff's Fourteenth Amendment due process and equal protection rights.  *See* Complaint, ECF No. 1, p. 4.

Plaintiff's factual allegations are presented in a fragmented, jumbled narrative, along with a hodgepodge of other allegations which either duplicate Plaintiff's "sexual harassment/abuse" claim in another case he has pending in this court, *Witherspoon v. Tucker, et al.*, C/A No. 9:12-3346-MGL-BM (D.S.C.), or fail to state a violation of a constitutionally protected liberty or due process/equal protection interest with respect to other conditions of his confinement.  Plaintiff appears to allege that he has exhausted his administrative remedies with respect to his "mental health-related claims" by attaching to his Complaint a copy of a Step 2 Grievance complaining of being kept on security detention "for no reason" and requesting that his mental health counselor, Ms. V. Hooks, be reassigned because she "told me that she can't do nothing to help me."  It appears that Plaintiff alleges he received a final response to his Step 2 Grievance on December 14, 2012.  Plaintiff also attaches a copy of a Step 1 Grievance concerning the same complaints, to which he

---

192 F.3d 462, 467 (4th Cir. 1999) (quoting *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1265 (4th Cir. 1995)).

3



received a final response on November 20, 2012. *See* Supporting Documents, ECF No. 1-2, p. 12-13.

When submitted, this case was not in proper form. Plaintiff submitted an incomplete, unsigned Financial Certificate, and did not submit a Form AO 240. *See* ECF No. 2. Additionally, Plaintiff's proposed service documents were incomplete/incorrect and the two Forms USM-285 that he submitted were illegible and unusable. *See* ECF No. 3. Accordingly, the undersigned issued an Order dated April 22, 2013, ECF No. 8, directing Plaintiff to bring the case into proper form. On May 14, 2013, Plaintiff substantially complied with the proper form order.

On May 15, 2013, Plaintiff filed a Motion for Temporary Restraining Order (ECF No. 14), a Request for Entry of Default (ECF No. 15), and a Motion for Summary Judgment (ECF No. 16). In his Motion, Plaintiff states:

> I wish to file charges against all below and above staff and employees, SCDC officials at Tyger River CI . . . for sexual abuse on the date's to be severd this is mistreatment by the Eighth Amendment scrutiny which male's prisoner's rarely encounter, sexual assault by male prison guards but see *Mathie v. Fries*, 121 F.3d 808, 810-811 (2d Cir. 1997) (male prisoners awarded $450,000 from each SCDC officials damases, by saling they would rape me). . . . I'm inmate Witherspoon who is and who need to be not harmed by SCDC official at Tyger River CI by these DOC are telling inmate's do they wants the "boot to stay on inmate's Jarode Witherspoon's door" and inmates tells them "yes" by writing kites to the SMU.

Motion for Temporary Restraining Order, ECF No. 14, p. 1-2.

## DISCUSSION

After careful review, the undersigned finds that some of Plaintiff's claims are subject to summary dismissal, without prejudice and without issuance and service of process, in particular Plaintiff's assertion of a class action and Plaintiff's request for a transfer to another institution. Further, insofar as the instant Complaint alleges the same sexual harassment/sexual abuse claims

4



as Plaintiff is asserting in *Witherspoon v. Tucker, et al.*, C/A No. 12-3446-MGL (D.S.C.), those claims should be summarily dismissed because they are duplicative of C/A No. 12-3446. Insofar as the instant Complaint alleges any new or different sexual harassment claims, particularly any such claims arising from an incident on March 26, 2013, and the two disciplinary violations with which Plaintiff was charged on March 29, 2013 in connection with the incident, it is apparent on the face of Plaintiff's Complaint that these claims are premature as he has not yet exhausted his administrative remedies available through the SCDC grievance process.

However, to the extent that the instant Complaint alleges new and different "mental health claims" from those claims which are already pending in Plaintiff's previously filed civil action, C/A No. 12-3446, the instant Complaint should be served upon the Defendants and the Defendants should be directed to answer or otherwise plead to the claims. In connection therewith, the undersigned has simultaneously issued an order authorizing service of process upon the Defendants and directing Defendants to answer or otherwise plead to the Plaintiff's claims in the instant Complaint alleging: (1) Defendants' violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq*, ("the ADA") through Defendants' discrimination against Plaintiff based on his mental health disability and/or illness; (2) Defendants' violation of Plaintiff's Eighth Amendment rights through their deliberate indifference to his serious mental health needs and infliction of cruel and unusual punishment; and (3) Defendants' violation of Plaintiff's Fourteenth Amendment due process and equal protection rights through their unlawful classification and administrative segregation of him, without adequate access to mental health treatment and counseling as provided to other inmates with mental health issues.



First, Plaintiff cannot bring a class action.  The Fourth Circuit has held that "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621, 623 n. 2, 625-26 (4th Cir. 1981) (suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners").  Thus, to the extent that Plaintiff's complaint attempts to state a class action claim, he cannot do so, and this claim/request should be dismissed.

Plaintiff's claim for a transfer should be dismissed because it fails to state a plausible claim of a constitutional violation.  *See Wolff v. McDonnell*, 418 U.S. 539, 558-62 (1974); *see also Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975); *Lyons v. Clark*, 694 F. Supp. 184, 187 (E.D. Va. 1988) (collecting cases).  The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and, generally, are not subject to review *unless* state or federal law places limitations on official discretion, *see Hayes v. Thompson*, 726 F.2d 1015, 1016-17 (4th Cir. 1984) (collecting cases), or such placement/assignment meets the test in *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Insofar as the instant Complaint attempts to assert the same sexual harassment/sexual abuse claims that Plaintiff is already asserting in C/A No. 12-3446, these claims should be summarily dismissed without prejudice because they are duplicative to claims already being considered in Plaintiff's other case.  *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient.").



Further, to the extant that the instant Complaint alleges any new or different sexual harassment claims, particularly any such claims arising from an incident on March 26, 2013, and the two disciplinary violations with which Plaintiff was charged on March 29, 2013 in connection with the incident, it is apparent on the face of Plaintiff's Complaint that these claims are premature and he has not yet exhausted his administrative remedies available through the SCDC grievance process. The documents attached to the instant Complaint which are relevant to Plaintiff's sexual harassment/sexual abuse allegations, show that he was charged with two disciplinary offenses on March 29, 2013 and that he had not yet had a hearing on them when he filed the instant Complaint on April 5, 2013. Plaintiff does not allege any due process violation in connection with the disciplinary hearing, or that he has even been convicted of any disciplinary violation that implicates a constitutionally protected liberty interest. Moreover, to the extent that Plaintiff alleges he filed a grievance in connection with this incident, it is apparent on the face of the Complaint that Plaintiff filed the instant Complaint before he exhausted his administrative remedies.

Although the lack of exhaustion of administrative remedies is an affirmative defense and not a jurisdictional infirmity, *see Jones v. Bock*, 549 U.S. 199 (2007), under existing precedent in the Fourth Circuit if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006). Thus, partial summary dismissal without prejudice of these claims is appropriate under *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995) and *Anderson*, 407 F.3d at 683. No genuine issue of material fact concerning Plaintiff's failure to exhaust his administrative remedies with respect to these claims exists in the



instant case, because, as noted above, Plaintiff has not alleged that he has even had a disciplinary hearing or been convicted of any violation, or that the grievance process was unavailable to him within the meaning of §1997e(a) of the PLRA. Plaintiff has not alleged a due process violation with respect to his disciplinary hearing, nor has he alleged that Defendants have hindered his ability to exhaust his administrative remedies, nor has a sufficient amount of time passed following the submission of Plaintiff's hearing request and/or grievance to presume under SCDC's grievance policy that a failure to respond has made the grievance process unavailable. *See Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010); *Bacon v. Greene*, 319 F. App'x 256, 257-58 (4th Cir. 2009). Plaintiff simply did not wait a sufficient time under the SCDC grievance policy to allow for a response to his grievance. *See Drakeford v. Thompson*, C/A No. 2:09-2239-RBH, 2010 WL 4888489, at *2 (D.S.C. Nov. 24, 2010); SCDC, Inmate Grievance System, GA-01.12, § 13.4 (Oct. 1, 2010). Therefore, these claims should be dismissed.

Plaintiff's separately filed Motion for Temporary Restraining Order (ECF No. 14) should be denied because it is duplicative of Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, which Plaintiff simultaneously filed in C/A No. 12-3446. *See* C/A No. 12-3447, ECF No. 34. The subject matter of the motion is the alleged sexual harassment/sexual abuse allegedly committed by the Defendants in C/A No. 12-3446. Moreover, Plaintiff's motion fails to satisfy the criteria required for issuance of a temporary restraining order, which is identical to that of a preliminary injunction. *See, e.g., Commonwealth of Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for temporary restraining order). In order for such injunctive relief to be granted, the movant must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the



balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 19 (2008).  All four requirements must be satisfied. *Real Truth About Obama, Inc., v. Federal Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010).

Plaintiff's Motion fails to allege specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendants can be heard in opposition to the Motion.  Plaintiff has not certified in writing any efforts made to give notice to Defendants and any reasons why notice should not be required. Moreover, although Plaintiff titles his request "Restraining Order," the relief sought appears to be in the nature of a preliminary and permanent injunction, which must be served on all parties.  *See* Fed. R. Civ. P. Rule 65(a).  A temporary restraining order "expires at the time after entry - not to exceed 14 days - that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2).  It seems clear that Plaintiff seeks an injunction, both during the pendency of this case and permanently. Temporary restraining orders and preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001).  Usually, preliminary injunctions "aim to maintain the *status quo* and prevent irreparable harm while a lawsuit remains pending."  *Pashby v. Delia*, __ F.3d __, 2013 WL 791829, *7 (4th Cir. Mar. 5, 2013).  On the other hand, mandatory preliminary injunctions, which compel action, "do not preserve the *status quo* and normally should be granted only in those circumstances when the exigencies of the situation demand



such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (citing *Interstate Commerce Comm'n v. Baltimore & Annapolis R. Co.*, 64 F.R.D. 337 (D. Md. 1974)). Therefore, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." *Sun Microsystems, Inc. v. Microsoft Corp. (In re Microsoft Corp. Antitrust Litig.)*, 333 F.3d 517, 526 (4th Cir.2003), abrogated on other grounds by *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

The *Winter* standard requires the district court to find that the party seeking the injunction has made a "clear showing" that he is likely to succeed on the merits. *Winter*, 555 U.S. at 22. This standard compels the moving party to show that he is likely to prevail: Regardless of the balance of hardships, it is insufficient for the party to show only that "grave or serious questions are presented" in the litigation. Compare *Real Truth About Obama v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 558 U.S. __, 130 S. Ct. 2371 (2010), with *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189, 196 (4th Cir. 1977). Second, the moving party must make a clear showing that he is likely to be irreparably harmed if preliminary relief is denied. To meet this test, the party must show more than a mere possibility of harm. *Winter*, 555 U.S. at 22. Third, the moving party must show that the balance of equities tips in his favor. *Id.* at 20. Fourth, the district court must consider whether grant or denial of the injunction is in the public interest. The court must give "particular regard" to the public consequences of granting a preliminary injunction. *Id.* at 9, 24; *Real Truth*, 575 F.3d at 347. The Fourth Circuit no longer recognizes a "flexible interplay" among these criteria. Instead, each requirement must be fulfilled as articulated. *Id.* (quoting *Blackwelder*, 550 F.2d at 196).

10



An analysis of the *Winter* factors reveals that Plaintiff's Motion for Temporary Restraining Order should be denied. First, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Complaint. Second, Plaintiff does not make any specific factual allegations that he is currently threatened with imminent injury, loss, or damage. Plaintiff also fails to show that the balance of equities tips in his favor. Finally, Plaintiff has not shown that a temporary restraining order or preliminary injunction is in the public interest. Accordingly, Plaintiff's Motion for Temporary Restraining Order, ECF No. 14 should be denied.

Plaintiff's Request for Entry of Default (ECF No. 15), and Motion for Summary Judgment (ECF No. 16) are premature and likewise should be denied, without prejudice, because Plaintiff's Complaint has not yet been served upon Defendants. *See* Fed. R. Civ. P. 55 and 56.

## RECOMMENDATION

Accordingly, it is recommended that the Court summarily dismiss Plaintiff's claims, without prejudice, insofar as they allege a class action and request Plaintiff's transfer to another institution. Further, insofar as the instant Complaint alleges the same sexual harassment/sexual abuse claims as Plaintiff is asserting in *Witherspoon v. Tucker, et al.*, C/A No. 12-3446-MGL (D.S.C.), those claims should be summarily dismissed, without prejudice, because they are duplicative of C/A No. 12-3446. Insofar as the instant Complaint alleges any new or different sexual harassment claims, particularly any such claims arising from an incident on March 26, 2013, and the two disciplinary violations with which Plaintiff was charged on March 29, 2013 in connection with the incident, because it is apparent on the face of Plaintiff's Complaint that these claims are premature and he has not yet exhausted his administrative remedies available through the SCDC grievance process, these claims should also be summarily dismissed, without prejudice.

11



Plaintiff's Motion for Temporary Restraining Order (ECF No. 14), Request for Entry of Default (ECF No. 15), and Motion for Summary Judgment (ECF No. 16) should be denied.

If these recommendations are adopted, the only claims remaining in this lawsuit will be Plaintiff's new and different "mental health claims" alleging: (1) Defendants' violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq*, ("the ADA") through Defendants' discrimination against Plaintiff based on his mental health disability and/or illness; (2) Defendants' violation of Plaintiff's Eighth Amendment rights through their deliberate indifference to his serious mental health needs and infliction of cruel and unusual punishment; and (3) Defendants' violation of Plaintiff's Fourteenth Amendment due process and equal protection rights through their unlawful classification and administrative segregation of him, without adequate access to mental health treatment and counseling as provided to other inmates with mental health issues. A serve order is being issued this date with respect to these claims.

Plaintiff's attention is directed to the important notice on the next page.

_____

May 22, 2013                                  Bristow Marchant
Charleston, South Carolina          United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

