UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jarode Jermaine Witherspoon, | ) Civil Action No. 9:13-910-MGL |
| Plaintiff, | ) ) ) |
| vs. | ) ) **ORDER AND OPINION** |
| Head Warden Mr. Tim Riley; A/W Ms. Callwell; A/W Mr. G. Lare; and Investigation Mr. Lane, | ) ) ) |
| Defendants. | ) ) |

Plaintiff Jarode Jermaine Witherspoon ("Plaintiff") is a state prisoner at the Tyger River Correctional Institution ("TRCI"), a part of the South Carolina Department of Corrections ("SCDC"), in Enoree, South Carolina. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a Complaint (ECF No. 1) on April 4, 2013, pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages, as well as injunctive relief.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act, as well as applicable case precedents. On May 22, 2013, the Magistrate Judge issued a Report and Recommendation ("Report," ECF No. 22) in which he recommended that Plaintiff's Complaint be partially summarily dismissed, without prejudice, insofar as it alleges a class action and requests Plaintiff's transfer to another institution. Additionally, insofar as the instant Complaint alleges the same sexual harassment/sexual abuse claims that Plaintiff is asserting in *Witherspoon v. Tucker*, et al., C/A No. 12-3446-MGL (D.S.C.), the Magistrate Judge recommended that these claims be summarily dismissed, without prejudice, because they are duplicative of C/A No. 12-3446. Insofar as the instant Complaint alleges any new

or different sexual harassment claims, particularly any such claims arising from an incident on March 26, 2013, and the two disciplinary violations with which Plaintiff was charged on March 29, 2013, in connection with the incident, the Magistrate Judge recommended that these claims also be summarily dismissed, without prejudice, because it is apparent on the face of Plaintiff's Complaint that these claims are premature and Plaintiff has not yet exhausted his administrative remedies available through the SCDC grievance process. The Report further recommended that Plaintiff's Motion for Temporary Restraining Order (ECF No. 14), Request for Entry of Default (ECF No. 15), and Motion for Summary Judgment (ECF No. 16) be denied.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 22 at 13.) Plaintiff has filed no objections and the time for doing so has expired.[1] In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only

---

[1] Plaintiff filed documents, on May 23, 2013 and May 31, 2013, docketed as supplements to his pleadings (ECF Nos. 26, 27) and, on June 20, 2013, as a declaration (ECF No. 29). The Court does not construe these documents to be objections to the Magistrate Judge's Report. They are not designated as objections, do not specifically identify any portion of the Report to which an objection is made, and do not set forth a basis for any such objection. *See* Fed. R. Civ. P. 72(b).

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After careful review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the Court agrees with the findings and conclusions of the Magistrate Judge. Accordingly, the Court adopts and incorporates the Report and Recommendation by reference in this Order.

It is, therefore, ORDERED that Plaintiff's Complaint be PARTIALLY SUMMARILY DISMISSED, without prejudice and without service of process. The only claims remaining in this lawsuit are Plaintiff's new and different "mental health claims" alleging: (1) Defendants' violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq*, ("the ADA") through Defendants' discrimination against Plaintiff based on his mental health disability and/or illness; (2) Defendants' violation of Plaintiff's Eighth Amendment rights through their deliberate indifference to his serious mental health needs and infliction of cruel and unusual punishment; and (3) Defendants' violation of Plaintiff's Fourteenth Amendment due process and equal protection rights through their unlawful classification and administrative segregation of him, without adequate access to mental health treatment and counseling as provided to other inmates with mental health issues. Pursuant to the Order dated May 22, 2013 (ECF No. 20), Defendants shall answer or otherwise plead to these claims, only.

It is further ORDERED that Plaintiff's Motion for Temporary Restraining Order (ECF No. 14) is DENIED. The Motion is duplicative of Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, which Plaintiff simultaneously filed in C/A No. 12-3446. *See* C/A No. 12-3447, ECF No. 34. The subject matter of the Motion is the alleged sexual harassment/sexual

abuse committed by the Defendants, as alleged in C/A No. 12-3446, which is not a part of the instant case. Moreover, Plaintiff's motion fails to satisfy the criteria required for issuance of a temporary restraining order. *See Real Truth About Obama, Inc., v. Federal Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010); *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 19 (2008); *Commonwealth of Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994).

It is further ORDERED that Plaintiff's Request for Entry of Default (ECF No. 15) and Motion for Summary Judgment (ECF No. 16) are DENIED, as premature. The executed summonses in this case were filed on July 10, 2013 (ECF No. 30), indicating that Defendants were served with the Complaint and Motions on June 26, 2013, and their answer was due not due until July 17, 2013. Defendants filed a motin to dismiss on June 17, 2013. (ECF No. 32).

It is further ORDERED that this matter is returned to the Magistrate Judge for further pretrial proceedings.

        /s/Mary G. Lewis
        United States District Judge

July 19, 2013
Spartanburg, South Carolina